By the Court.
These are proceedings in mandamus filed in this court. The petitions in the several cases are substantially the same.
After setting forth the official positions of the defendants the petitions aver that the relators were duly licensed under the laws of the state to engage in the business of trafficking in intoxicating liquors, in the city of Toledo, for the license year ending on the day preceding the fourth Monday of November, 1915; that between the 1st and 15th of September, 1915, the relators filed with the Lucas county licensing board, in due form, their applications for renewal of the licenses then held, deposited the filing fee required, and also aver that due notice was published.
They further allege that on' or about October 23, 1915, the board, without notice to them, announced that said applications were rejected, and on October 25, 1915, notified them of such rejection and set October 29, 1915, as the time for a hearing thereon; that no hearing was had on said date, but relators were required to appear on November 18, when testimony and evidence were heard; that the notice of rejection and hearing contained due and proper lists of complainants and copies of complaints and charges, which complaints and charges are untrue; that on November 23, in *375 the absence of relators, a resolution was unanimously adopted by the board finally rejecting the applications of relators for renewal. It is alleged that no endorsement of the reasons for the rejection was made on the applications until on or after November 23, 1915, when the same were endorsed “Rejected for the reason that the applicant has not met the qualifications required by law.”
It is alleged that the action of the board is illegal, for the reasons that the endorsement of said applications was not in compliance with Section 1261-43, General Code (103 O. L., 226); that the notice of final rejection did not conform to the statute and that the proceedings set forth were not in compliance with the statute.
The petitions aver that appeal was taken by relators from the action of the county board to the state board, which affirmed the county board; that on or about November 18, 1915, relators made proper tender of the $100 fee, which was refused; that on or about November 23, 1915, the relators made demand upon the county board that licenses be issued to them pursuant t,o their applications and the same refused. They pray for a writ of mandamus to issue compelling the board to issue the licenses in due form. Demurrers have been interposed by the defendants.
Before the writ of mandamus can issue in these proceedings it must clearly appear that the relators are entitled to the relief prayed for.
It must appear that the relators were entitled, as matter of legal right, to have the specific official act performed by the defendants which they ask.
*376 Mere errors of procedure cannot be corrected by mandamus. The failure to comply with directory provisions of the statute by the license board will not avail the relators in these proceedings. It must clearly appear that they were entitled to the renewal of the licenses applied for.
The important and decisive question in this case is, What are the duties of the license board and what are the rights of the holder of a license with reference to its renewal at the time of its expiration ?
Section 1261-31, General Code, confers upon county boards their general authority in the premises as follows: “It shall be the duty of the county liquor licensing boards of the respective counties of the “state, and they are hereby authorized to grant, issue, renew and transfer, as provided by law, all licenses to traffic in intoxicating liquors in the county wherein the board is situated; also to suspend or revoke, subject to the conditions and in the manner provided by law, all licenses granted or renewed in said .county; and to perform such other duties as may be required by law.”
By Section 32 of the license law (1261-47, General Code) it is provided: “On the expiration of each of said licenses (all of which shall expire on the fourth Monday in November of each year) the said license shall be renewed upon the application of the license[e], subject to the same conditions, qualifications and limitations applying to a new applicant for license, and upon payment of the registration fee of one hundred dollars as provided for original applicants; and' no applicant for a renewal *377 of license shall be refused a license unless the said applicant has not met the qualifications required by law.”
It is the contention of the relators that, by the provisions of Section 32 just quoted, an applicant for a renewal has a preference which it is the duty of the board to regard and which, if the board disregards, the court will protect and enforce — that is to say, it is claimed that the language “and no applicant for a renewal of license shall be refused a license unless the said applicant has not met the qualifications required by law,” secures to the applicant for renewal the preference referred to provided he has met the qualifications. This is doubtless true, but how is that matter to be determined? The provisions of Section 32 must be read together and each part given its proper force and effect. The provisions are that on the expiration of the license it shall be renewed “upon the application of the license[e], subject to the same conditions, qualifications and limitations applying to a new applicant for license * * * and no applicant for a renewal of license shall be refused a license unless the said applicant has not met the qualifications required by law.” Taking these provisions together, it seems clear that the applications for renewal stand upon the same basis as original applications in so far as the qualifications themselves are concerned; that is, an application for renewal may be rejected for any reason which would be sufficient for the rejection of an original application, but in the case of an application for renewal, if the board does not find the same reasons for *378 rejection which would have caused them to reject an original application, then the applicant is entitled to the preference referred to. Under the provisions of the statute it devolves upon the applicant, upon rejection of his application, to establish to the satisfaction of the board the things required by the statute to be stated in the application, which may be controverted, either by a complainant or by the board, and unless such facts are established by the applicant the rejection becomes final, if the decision is not subsequently recalled by the county board or reversed by the state board.
The petitions in these cases aver that appeals were taken to the state board, which affirmed the actions of the county board. . The only purpose of the appeals — the only object they could have — was to cure any irregularities in the proceedings of the county board and to have the state board make such order in the premises as was proper. In the absence of any showing to the contrary, the proceedings of the state board will be presumed to have been regular. The petitions in these cases do not attack the proceedings of the state board. The relators elected to submit their cases to the state board on appeal and they are bound by its order.
The demurrers will be sustained..

Demurrers sustained.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.